## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**ROBERTA LINDENBAUM**,
individually and on behalf of all others
similarly situated,

        Plaintiff,

  v.

**DIRECT ENERGY SERVICES LLC**, a
Delaware limited liability company, and
**JOHN DOE CORPORATIONS 1-10**,

        Defendant.

Civil Action No.: 1:20-cv-2731-JPC

Judge J. Philip Calabrese

## DIRECT ENERGY SERVICES, LLC'S ANSWER
## TO PLAINTIFF'S FIRST AMENDED CLASS COMPLAINT

Defendant Direct Energy Services LLC ("Direct Energy") files this Answer to the

Amended Complaint and Demand for Jury Trial ("Complaint") filed by Plaintiff Roberta

Lindenbaum ("Lindenbaum") and respectfully shows the Court as follows:

### PRELIMINARY STATEMENT

Direct Energy admits only that Lindenbaum filed her Amended Complaint, seeking relief

under the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et al.* Direct Energy denies the

remaining allegations contained in the first unnumbered paragraph of the Amended Complaint.

### PARTIES

1.      Direct Energy lacks knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 1. To the extent that any response is required,

Direct Energy denies the allegations contained in Paragraph 1.

2. Direct Energy admits only that it is headquartered in Houston, Texas and that it is registered to do business in Ohio. Direct Energy denies the remaining allegations contained in Paragraph 2.

3. Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 3.

4. Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 4.

5. Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 5.

6. Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 6.

## JURISDICTION AND VENUE

7. Direct Energy denies the Court has subject matter jurisdiction because Lindenbaum lacks Article III standing as she has not suffered an injury-in-fact.

8. Direct Energy admits only that it solicits business and has entered contracts within the District. Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 8.

9.      Direct Energy admits only that venue is proper under 28 U.S.C. § 1391(b). Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9. To the extent any response is required, Direct Energy denies the remaining allegations contained in Paragraph 9.

## COMMON ALLEGATIONS OF FACT

10.      Direct Energy denies the allegations contained in Paragraph 10.

11.      Direct Energy admits only that it is a retail electric provider. Direct Energy denies any remaining allegations contained in Paragraph 11.

12.      Direct Energy denies the allegations contained in Paragraph 12.

13.      Direct Energy admits only that the plain language of the TCPA speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 13.

14.      Direct Energy denies the allegations contained in Paragraph 14.

15.      Direct Energy admits only that the plain language of the Public Law speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 15.

16.      Direct Energy admits only that the plain language of the Congressional Record speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 16.

17.      Direct Energy admits only that the plain language of the Federal Communications Commission speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 17.

18.      Direct Energy denies the allegations contained in Paragraph 18.

19.      Direct Energy denies the allegations contained in Paragraph 19.

20.      Paragraph 20 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies

the allegations contained in Paragraph 20.

21.     Direct Energy denies the allegations contained in Paragraph 21.

22.     Direct Energy denies the allegations contained in Paragraph 22.

23.     Direct Energy admits only that other TCPA violations have been alleged against it. To the extent that any further response is required, Direct Energy denies the remaining allegations in Paragraph 23.

24.     Direct Energy admits only that the plain language of the Commissions' records speaks for themselves. Direct Energy denies the remaining allegations contained in Paragraph 24.

25.     Paragraph 25 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 25.

26.     Direct Energy admits only that it contacts potential customers with their prior express consent. Direct Energy denies the remaining allegations contained in Paragraph 26.

27.     Direct Energy denies the allegations contained in Paragraph 27.

28.     Direct Energy admits only that the plain language of Plaintiff's Complaint speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 28.

### FACTS SPECIFIC TO PLAINTIFF ROBERTA LINDENBAUM

29.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 29.

4

30.      Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 30.

31.      Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 31.

32.      Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 32.

33.      Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 33.

34.      Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 34.

35.      Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 35.

36.      Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 36.

37.      Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37. To the extent that any response is required,

Direct Energy denies the allegations contained in Paragraph 37.

38.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 38.

39.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 39.

40.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 40.

41.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 41.

42.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 42.

43.     Direct Energy lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 43.

44.     If a Direct Energy independent contractor contacted Lindenbaum, Direct Energy admits only that it would have been with Lindenbaum's consent. Direct Energy denies the remaining allegations contained in Paragraph 44.

45.     Paragraph 45 of the Complaint contains statements of law or legal conclusions to

which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 45.

46. Paragraph 46 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 46.

47. Direct Energy admits only that the plain language of Plaintiff's Complaint and the TCPA speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 47.

48. Direct Energy denies that Plaintiff and the purported Classes are entitled to the relief sought in Paragraph 48.

## DIRECT ENERGY'S LIABILITY FOR TELEMARKETING CALLS

49. Direct Energy admits only that the plain language of 47 U.S.C. § 153(39) speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 49.

50. Direct Energy admits the allegation contained in Paragraph 50.

51. Direct Energy admits only that the plain language of the FCC's Record speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 51.

52. Direct Energy admits only that the plain language of the FCC's ruling speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 52.

53. Direct Energy admits only that the plain language of the FCC's Declaratory Ruling speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 53.

54. Direct Energy admits only that the plain language of the FCC's Declaratory Ruling speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 54.

7

55.     Direct Energy admits only that the plain language of the FCC's Declaratory Ruling speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 55.

56.     Direct Energy admits only that the plain language of the FCC's Declaratory Ruling speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 56.

57.     Paragraph 57 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 57.

58.     Direct Energy denies the allegations contained in Paragraph 58.

59.     Direct Energy denies the allegations contained in Paragraph 59.

60.     Direct Energy denies the allegations contained in Paragraph 60.

61.     Direct Energy admits only that the plain language of the Restatement (Third) of Agency speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 61.

62.     Paragraph 62 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 62.

63.     Direct Energy denies the allegations contained in Paragraph 63.

64.     Paragraph 64 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 64.

65.     Direct Energy admits only that it instructed its vendors, which are independent contractors, to operate pursuant to the agreed upon scope of authority. Direct Energy denies the remaining allegations contained in Paragraph 65.

66.     Direct Energy admits only that it instructed its vendors, which are independent contractors, to operate pursuant to the agreed upon scope of authority. Direct Energy denies the remaining allegations contained in Paragraph 66.

67.     Direct Energy admits only that it instructed its vendors, which are independent contractors, to operate pursuant to the agreed upon scope of authority. Direct Energy denies the remaining allegations contained in Paragraph 67.

68.     Direct Energy denies the allegations contained in Paragraph 68.

69.     Direct Energy admits only that the plain language of the FCC's Declaratory Ruling speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 69.

**CLASS ALLEGATIONS**

70.     Direct Energy admits only that the plain language of Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) speak for themselves. Direct Energy denies the remaining allegations contained in Paragraph 70.

71.     Paragraph 71 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 71.

72.     Paragraph 72 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 72.

73.     Paragraph 73 of the Complaint contains statements of law or legal conclusions to

which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 73.

74.     Paragraph 74 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 74.

75.     Paragraph 75 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 75.

76.     Paragraph 76 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 76.

77.     Paragraph 77 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 77.

78.     Direct Energy denies the allegations contained in Paragraph 78.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protect Act**
**(Violation of 47 U.S.C. § 227)**
**Legal Claims**

79.     Direct Energy responds to the repeated allegations in Paragraph 79 of the Complaint in the same manner in which it responded to the allegations above.

80.     Direct Energy denies the allegations contained in Paragraph 80.

81.     Direct Energy denies the allegations contained in Paragraph 81.

82.     Direct Energy denies the allegations contained in Paragraph 82.

83.     Direct Energy denies the allegations contained in Paragraph 83.

84.     Paragraph 84 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 84.

85.     Paragraph 85 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 85.

86.     Paragraph 86 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 86.

**SECOND CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**

87.     Direct Energy responds to the repeated allegations in Paragraph 87 of the Complaint in the same manner in which it responded to the allegations above.

88.     Direct Energy admits only that the plain language of 47 U.S.C. § 227(c)(5) speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 88.

89.     Direct Energy admits only that the plain language of 47 C.F.R. § 64.1200(c) speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 89.

90.     Direct Energy admits only that the plain language of 47 C.F.R. § 64.1200(c) and (d) speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 90.

91.     Direct Energy admits only that the plain language of 47 C.F.R. § 64.1200(d) speaks for itself. Direct Energy denies the remaining allegations contained in Paragraph 91.

92.     Paragraph 92 of the Complaint contains statements of law or legal conclusions to

11

which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 92.

93.     Paragraph 93 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 93.

94.     Paragraph 94 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 94.

95.     Paragraph 95 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 95.

96.     Paragraph 96 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 96.

97.     Paragraph 97 of the Complaint contains statements of law or legal conclusions to which no response is required. To the extent that any response is required, Direct Energy denies the allegations contained in Paragraph 97.

## PRAYER FOR RELIEF

Direct Energy denies that Plaintiff or any of the purported, uncertified class are entitled to any of the requested relief.

## JURY DEMAND

Direct Energy admits only that Plaintiff has requested a jury trial.

## AFFIRMATIVE DEFENSES

98.     Lindenbaum's claims are barred, in whole or in part, by the doctrine of consent.

99.     Lindenbaum's claims are barred, in whole or in part, by the doctrine of justification.

100.    Lindenbaum's claims are barred, in whole or in part, by the doctrines of waiver or estoppel.

101.    Lindenbaum's claims are barred, in whole or in part, because Plaintiff has suffered no damage.

102.    Lindenbaum's claims are barred because Plaintiff lacks standing.

103.    Lindenbaum's claims are barred, in whole or in part, by the affirmative defenses provided by statute under the TCPA, 47 U.S.C. § 227, et. seq.

104.    Lindenbaum's claims are barred, in whole or in part, because Direct Energy and/or its vendors maintains a written policy regarding a do-not-call list and abides by other do-not-call list requirements.

105.    Lindenbaum's claims are barred, in whole or in part, by fraud or the doctrine of unclean hands.

106.    Lindenbaum's claims are barred or limited because the alleged damages or injuries to Lindenbaum, to the extent any exist, were caused in whole or in part by the acts or omissions of third parties over which Direct Energy had and has no control, and/or by the acts or omissions of Lindenbaum.

107.    Lindenbaum's claims are limited to the extent that Lindenbaum failed to mitigate the alleged damages.

108.     Direct Energy gives notice that it intends to rely upon such other defenses as may

become available or ascertained during the course of discovery proceedings in this action and

reserves the right to amend this Answer to assert any such defense.

DATE: February 8, 2021

By:  */s/ Ashley L. Oliker*
Ashley L. Oliker (0085628)
Frost Brown Todd LLC
10 W. Broad Street, Suite 2300
Columbus, Ohio 43215
T: (614) 559-7227
F: (614) 464 1737
aoliker@fbtlaw.com

Michael D. Matthews, Jr.*
Texas Bar No. 24051009
William B. Thomas*
Texas Bar No. 24083965
1001 Fannin Street, Suite 2700
Houston, Texas 77002
T:  (713) 337-5580
F:  (713) 337-8850
matt.matthews@emhllp.com
william.thomas@emhllp.com

*Application for Pro Hac Vice forthcoming

ATTORNEYS FOR DEFENDANT DIRECT ENERGY
SERVICES, LLC

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served on all parties through their
counsel of record via the Court's CM/ECF system, on February 8, 2021.

*/s/ Ashley L. Oliker*
Ashley L. Oliker
Attorney for Direct Energy Services LLC

14

EN00726.Public-00726   4811-3868-6427v1

15